UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ARMEL CERONE NGONGUIA OSSEMA,

               Petitioner,

v.

KEVIN RAYCRAFT,

               Respondent.

_____/

Case No. 1:26-cv-2094

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an Order entered on July 21, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus

---

[1] On July 30, 2026, Petitioner filed an emergency motion for temporary restraining order, (ECF No. 7). This motion (ECF No. 7) is resolved by the issuance of the Court's Opinion and Judgment, and thus, moot.

should not be granted. (Order, ECF No. 4.) Respondent filed his response and a recording of the April 23, 2026, bond hearing on July 24, 2026, (Resp., ECF No. 5; Recording of Apr. 23, 2026, Bond Hearing, filed on July 24, 2026.)

## II.    Factual Background

Petitioner is a native and citizen of Congo. (Resp., ECF No. 5, PageID.143.) Petitioner entered the United States on May 3, 2024, at or near Otay Mesa, California, without inspection. (*Id.*) On June 5, 2025, Petitioner was arrested by ICE. (*Id.*)

On March 16, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Ngonguia Ossema v. Unknown Party et al.,* (*Ngonguia Ossema I*), No. 1:26-cv-844 (W.D. Mich.). In *Ngonguia Ossema I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Ngonguia Ossema I*, (W.D. Mich. Apr. 16, 2026), (ECF Nos. 7, 8).

On April 23, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.7.) At the conclusion of the April 23, 2026, hearing, the immigration judge denied Petitioner's request for bond because Petitioner "failed to show he is not a flight risk." (Immigration Judge Order, ECF No. 1-1, PageID.18.)

## III.    Analysis

Respondent argues that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and as well as on the merits. The Court has fully addressed these issues and Respondent's arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.    Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

The Court will order Respondent to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondent to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      August 6, 2026                      /s/ Jane M. Beckering
                                                Jane M. Beckering
                                                United States District Judge

3